UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT D. O'NEAL,

    Petitioner,

    v.                          Case No. 20-C-1847

UNITED STATES OF AMERICA,

    Respondent.

## SCREENING ORDER

    Robert D. O'Neal was charged in a four-count Indictment alleging violations of 18 U.S.C. §§ 924(c)(1)(A), 1951(a), and 2 in the Eastern District of Wisconsin related to two armed robberies in Oshkosh, Wisconsin. Case No. 20-CR-36 (E.D. Wis.). He was also charged in a four-count Indictment in the Western District of Wisconsin with violations of 18 U.S.C. §§ 924(c)(1)(A) and 1951, related to an armed robbery in Madison, Wisconsin. Case No. 20-CR-24 (W.D. Wis.). On June 12, 2020, O'Neal pled guilty to two counts of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 in the Eastern District of Wisconsin Indictment (Counts 2 and 4) and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) in the Western District of Wisconsin Indictment (Count 2). The remainder of the counts in both Indictments were dismissed. On August 26, 2020, the court imposed a sentence of 204 months, which was the mandatory minimum for the offenses of conviction. Judgment was entered on August 27, 2020, and an amended judgment was entered on September 28, 2020. O'Neal did not appeal his sentence. Instead, on December 14, 2020, O'Neal filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Cases, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings. O'Neal raises three grounds in his petition: (1) ineffective assistance of counsel, (2) he did not knowingly and intelligently enter into his plea, and (3) there was insufficient evidence to support the charges. It is clear from the § 2255 motion that O'Neal is not entitled to relief.

O'Neal claims that his counsel provided ineffective assistance and that he did not knowingly and intelligently enter into his plea agreement. More specifically, he asserts that his attorney explained that he was pleading guilty to aiding and abetting a § 924(c) brandishing charge, but after re-reading the plea agreement and amended judgment, O'Neal contends that he was ultimately convicted as the principal of the charge, instead of as an aider and abettor. O'Neal's claim is that, had his counsel ably explained the plea agreement to him, he would have proceeded differently. But the plea agreement did not indicate whether O'Neal or his co-defendant possessed or brandished the gun during the robbery. Regardless of whether O'Neal was an aider or abettor or the principal, aiders and abettors are chargeable directly as principals. *See* 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Counsel did not provide ineffective assistance.

To the extent O'Neal asserts that he did not knowingly and intelligently enter his plea, the plea colloquy reveals that O'Neal indicated an understanding of all of the essential elements of the

2

crime, the maximum penalties, and the rights he gave up by entering such a plea. Given the plea colloquy and O'Neal's answers, the court is satisfied that the plea was knowingly and voluntarily entered. O'Neal has failed to establish that he did not knowingly and intelligently enter into his plea.

O'Neal also asserts that there was insufficient evidence to support that he brandished a firearm. Sufficiency of the evidence is not reviewable where an accused entered a plea of guilty. *See United States v. Lacey*, 569 F.3d 319, 323 (7th Cir. 2009). O'Neal is therefore not entitled to the relief he seeks.

For the reasons stated above, O'Neal's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**. This case is dismissed. The Clerk is directed to enter judgment accordingly. A certificate of appealability is **DENIED**. I do not believe that reasonable jurists would believe that O'Neal has made a substantial showing of the denial of a constitutional right.

**SO ORDERED** at Green Bay, Wisconsin this 21st day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge